IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARGARITA ESCAMILLA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. No.  5:16-CV-00905 |
| | § | |
| DAVID REYES ROMERO, JOSE VIDAL | § | |
| ROMERO REYES and JVR TRANSPORT, | § | |
| Defendants. | § | |

## INDEX OF STATE COURT DOCUMENTS

Defendants file this Index of State Court Documents, and attach hereto the following:

1. Docket Sheet;
2. Plaintiff's Original Petition with Request for Disclosure;
3. Citation Issued to David Reyes Romero, by Serving the Texas Secretary of State;
4. Citation Issued to Jose Vidal Romero Reyes, by Serving the Texas Secretary of State;
5. Citation Issued to JVR Transportation LLC, by Serving the Texas Secretary of State; and,
6. Defendants' Original Answer.

Respectfully submitted,

SHELTON & VALADEZ, P.C.
600 Navarro, Suite 500
San Antonio, Texas  78205
(210) 349-0515 Telephone
(210) 349-3666 Facsimile

By:/s/ Robert A. Valadez
Robert A. Valadez, Attorney-in-Charge
State Bar No. 20421845
rvaladez@shelton-valadez.com
David L. Jones
State Bar No. 24002370
Federal ID No. 360459
djones@shelton-valadez.com

COUNSEL FOR DEFENDANTS
DAVID REYES ROMERO, JOSE VIDAL
ROMERO REYES AND JVR TRANSPORT, LLC

# Exhibit A

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the above and foregoing is being electronically filed and served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the 9th day of September, 2016, to counsel of record as follows:

Thomas J. Henry
Andrew D. Poulis
The Law Office of Thomas J. Henry
521 Starr St.
Corpus Christi, Texas 78401
apoulis-svc@thomasjhenrylaw.com


*/s/ Robert A. Valadez*_____
Robert A. Valadez/David L. Jones


#420487

```
RUN DATE: 09/08/2016 Bexar County Centralized Docket System Pg: 1  PGM: DKB4900P
RUN TIME: 15:58:13                                                 JCL: SPPROD
```

---

## ＊ D O C K E T   I N F O R M A T I O N ＊

CAUSE NUM: 2016CI12573

DATE FILED: 07/28/2016        COURT: 285        UNPAID BALANCE:      0.00

TYPE OF DOCKET: MOTOR VEHICLE ACCIDE

### ＊＊＊S T Y L E＊＊＊

MARGARITA ESCAMILLA

VS DAVID R ROMERO ET AL

ACCOUNT TYPE:              ACCOUNT NO:

ACCESS: 0                  STATUS: PENDING

LIST TYPE: C

### ＊ L I T I G A N T   I N F O R M A T I O N ＊

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|---|---|---|---|
| 00001 | ESCAMILLA MARGARITA | PLAINTIFF | 07/28/2016 |
| | | 00001 POULIS, ANDREW D | |
| 00002 | ROMERO DAVID REYES | DEFENDANT | 07/28/2016 |
| 00003 | REYES JOSE VIDAL ROMERO | DEFENDANT | 07/28/2016 |
| 00004 | JVR TRANSPORT | DEFENDANT | 07/28/2016 |
| 00005 | JVR TRANSPORTATION LLC | DEFENDANT | 07/28/2016 |

### ＊ S E R V I C E S   I N F O R M A T I O N ＊

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|---|---|---|---|
| 00001 | CITATION | 4 | ROMERO DAVID R |
| | ISS: 07/29/2016 REC:   EXE:      RET: | | |
| 00002 | CITATION | 4 | REYES JOSE V |
| | ISS: 07/29/2016 REC:   EXE:      RET: | | |
| 00003 | CITATION | 4 | |
| | ISS: 07/29/2016 REC:   EXE:      RET: | | |

### ＊ A T T O R N E Y   I N F O R M A T I O N ＊

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|---|---|---|---|---|---|
| 00001 | 07/28/2016 | 24083680 | POULIS, ANDREW D | SELECTED | 07/28/2016 |

### ＊ P R O C E E D I N G   I N F O R M A T I O N ＊

| SEQ | DATE FILED | REEL | IMAGE | PAGE COUNT |
|---|---|---|---|---|
| 00001 | 07/28/2016 | 0000 | 0000 | 0000 |
| | DESC: JURY DEMAND JURY FEE PAID | | | |
| 00002 | 07/28/2016 | 0000 | 0000 | 0000 |
| | DESC: PETITION | | | |
| 00003 | 07/28/2016 | 0000 | 0000 | 0000 |
| | DESC: SERVICE ASSIGNED TO CLERK 1 | | | |

### ＊ T R I A L   I N F O R M A T I O N ＊

**Exhibit A-1**

RUN DATE: 09/08/2016 Bexar County Centralized Docket System Pg: 2  PGM: DKB4900P
RUN TIME: 15:36:13                                                  JCL: SPPROD

---

SEQ    DATE FILED       COURT              SETT. DATE TIME        ATTY


**★ O R D E R    I N F O R M A T I O N ★**

SEQ    DATE FILED  JUDGE NAME          VOLUME  PAGE  PAGE CNT   AMOUNT  SOF


**★ B O N D    I N F O R M A T I O N ★**

SEQ    DATE FILED   PRINCIPAL



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK. CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT.  WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:

*September 08, 2016*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

ABIGAIL ALDERETE, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
7/28/2016 10:12:44 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

CAUSE NO. **2016CI12573**

| | | |
|---|---|---|
| MARGARITA ESCAMILLA | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | _285_ JUDICIAL DISTRICT |
| | § | |
| DAVID REYES ROMERO, AND | § | |
| JOSE VIDAL ROMERO REYES, | § | |
| AND JVR TRANSPORT | § | |
| *Defendant* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **NOW COMES MARGARITA ESCAMILLA** hereinafter referred to by name or as Plaintiff, and complains of **DAVID REYES ROMERO, JOSE VIDAL ROMERO REYES, and JVR TRANSPORT** hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

**1.**    Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

**2.**    Plaintiff **MARGARITA ESCAMILLA (SSN xxx-xx-x515)** is an individual residing in Bexar County, Texas.

**Exhibit A-2**

3.     Defendant **DAVID REYES ROMERO** is a nonresident individual residing in Prince William County, Virginia, at his residence, located at 9244 Hood Rd, Manassas, Virginia 20110 and a nonresident of the State of Texas. Defendant David Reyes Romero may be served with process through the Texas Secretary of State located at P.O. Box 12079 Austin, Texas 78711-2079. Citation is requested at this time.

4.     Defendant **JOSE VIDIAL ROMERO REYES** is a nonresident individual residing in Prince William County, Virginia, at his residence, located at 9156 Barrick, St. Apartment 101, Fair Fax, Virginia 22031 and a nonresident of the State of Texas. Defendant David Reyes Romero may be served with process through the Texas Secretary of State located at P.O. Box 12079 Austin, Texas 78711-2079. Citation is requested at this time.

5.     Defendant **JVR TRANSPORTATION LLC** is limited liability Corporation with its principal place of business located in Prince William County, Virginia, located at 9156 Barrick, St. Apartment 101, Fair Fax, Virginia 22031 and a corporation doing business in the State of Texas that does not have an agent for process. Defendant **JVR TRANSPORTATION LLC** may be served with process through the Texas Secretary of State located at P.O. Box 12079 Austin, Texas 78711-2079. Citation is requested at this time.

### III.
### <u>JURISDICTION & VENUE</u>

6.     This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

7.      Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL

PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred

in Bexar County, Texas

**IV.**
**FACTS**

8.      On or about November 12, 2014, Plaintiff **MARGARITA ESCAMILLA** was a driver in

a vehicle being operated in a lawful manner while turning left on Foster Road, Bexar County,

Texas, when her vehicle suddenly, violently, and without warning was struck from the front

driver side by Defendant **DAVID REYES ROMERO**, who followed too closely and failed to

control his speed.  As a result of the collision, Plaintiff sustained injuries to his left hand, head,

neck, back and other parts of his body, as more fully set forth below.   Defendant, **JOSE**

**VIDIAL ROMERO REYES**, negligently entrusted his vehicle to Defendant **REYES**

**ROMERO** who was reckless and failed to control his speed. At all times relevant, **DAVID**

**REYES ROMERO** was operating a company tractor trailer while in the course and scope of

employment with his employer, **JVR TRANSPORT LLC.**

9.      The above-referenced acts and/or omissions by the Defendant constitutes malice and/or

gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) of the CIVIL PRACTICE &

REMEDIES CODE.  Defendant was heedless and reckless, constituting an extreme degree of risk,

considering the probability and magnitude of the potential harm to others, and Defendant was

aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and

welfare of others, including the Plaintiff.

---

# V.
## CAUSES OF ACTION - DAVID REYES ROMERO

**A.    NEGLIGENCE**

10.    The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant **DAVID REYES ROMERO**, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

     a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

     b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

     c.    in failing to turn the vehicle in an effort to avoid the collision in question;

     d.    in failing to blow horn warning of imminent danger;

     e.    in failing to maintain a proper following distance in violation of TEX. TRANSP. CODE § 545.062(a); and

     f.    in failing to control his speed in violation of Tex. Transp. Code § 545.351(b)(2).

11.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

**B.   NEGLIGENCE PER SE**

12.     Further, Defendant failed to exercise the mandatory standard of care in violation of

V.T.C.A. TRANSPORTATION CODE, §§ 545.062(a) and 545.351(b)(2) pursuant to the Negligence

Per Se Doctrine which mandates that:

### §545.062(a) Following Distance

An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

### §545.351(b)(2) Maximum Speed Requirement

(b) An Operator:

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

13.     Each of these acts and/or omissions, whether taken singularly or in any combination

constitutes negligence and negligence per se and gross negligence which proximately caused the

collision and injuries and other losses as specifically set forth herein, all of which Plaintiff

suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her

natural life.

C.   **GROSS NEGLIGENCE**

14.     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.  Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

15.     The acts and/or omissions by Defendant outlined in Paragraph 6 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE.  Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

16.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

### VI.
### CAUSES OF ACTION – JVR TRANSPORTATION LLC

17.     The collision that made the basis of this suit and the resulting injuries and damages to Plaintiff were proximately and directly caused by the negligent conduct of the Defendants.

18.     **DAVID REYES ROMERO** operated the vehicle in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the vehicle in one or more of the following respects:

        a.      in failing to timely apply the brakes in an effort to avoid the collision
                in question;

     b.      in failing to drive defensively to avoid the collision;

     c.      in failing to make safe decisions while driving;

     d.      in failing to blow his horn to warn of imminent collision;

     e.      in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401.

**19.**    **DEFENDANT DAVID REYES ROMERO'S** actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

**20.**    **DEFENDANT JVR TRANSPORTATION LLC** is liable under the doctrine of *respondeat superior* in that **DEFENDANT DAVID REYES ROMERO'S** was operating the motor vehicle while in the course and scope of employment with permission and/or consent.

**21.**    Additionally, **DEFENDANT JVR TRANSPORTATION LLC** was negligent in one or more of the following respects:

     a.      negligent hiring of Defendant David Reyes Romero;

     b.      negligent entrustment of the vehicle to Defendant David Reyes Romero;

     c.      negligence in failing to ensure driver qualifications;

     d.      negligent training and supervision of Defendant David Reyes Romero;

     e.      negligent retention of Defendant David Reyes Romero          .

**22.**    Plaintiff would further show that the Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.  Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff as well as others similarly situated.

---

23.     The acts and/or omissions on the part of the Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

24.     The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence and malice and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

## CAUSES OF ACTION – JOSE VIDIAL ROMERO REYES

### A.     *NEGLIGENT ENTRUSTMENT*

25.     Defendant **JOSE VIDIAL ROMERO REYES** was independently negligent by negligently entrusting her vehicle to Defendant **DAVID REYES ROMERO** when he knew or should have known that **DAVID REYES ROMERO** was an unlicensed, incompetent or reckless driver.

26.     Furthermore, Defendant **DAVID REYES ROMERO** was liable for causing the collision made the basis of this lawsuit and Defendant **DAVID REYES ROMERO's** negligence was the proximate cause of Plaintiff **MARGARITA ESCAMILLA'S** injuries.

### B.     *GROSS NEGLIGENCE*

27.     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant's conduct involved an extreme degree of risk, considering the

probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

28.     The acts and/or omissions by Defendant outlined in Paragraph 6 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

29.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VII
## DAMAGES

30.     As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **MARGARITA ESCAMILLA** suffered severe bodily injuries to his left hand, head, neck, back, and other parts of his body generally. Plaintiff's entire body was bruised, battered and contused and he suffered great shock to her entire nervous systems. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long

time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

31.     As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

32.     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

33.     As a consequence of the injuries sustained in this occurrence, Plaintiff **MARGARITA ESCAMILLA** has lost the power to move from place to place.  In all reasonable probability, this disability will cause his to suffer long into the future, if not for the balance of his natural life, all to the damage in an amount that is within the jurisdictional limits of this Court for which he now sues.

34.     Plaintiff **MARGARITA ESCAMILLA** has also suffered losses and damages to his personal property, including but not limited to damage to his vehicle for which he has never been compensated.

35.     By reason of all of the above, Plaintiff **MARGARITA ESCAMILLA** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

36.     Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff **MARGARITA ESCAMILLA** deems himself justly entitled at the time of filing this suit, which, with the passage of time, may change.

**VIII.**
**INTEREST**

37.     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

**IX.**
**DEMAND FOR JURY TRIAL**

38.     Plaintiff **MARGARITA ESCAMILLA** demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee

**X.**
**REQUEST FOR DISCLOSURE**

39.     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

**XI.**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT DAVID
REYES ROMERO**

26.     You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. You are notified that the Plaintiff specify that the answers shall be served upon the undersigned counsel within thirty (30) days after service of these interrogatories, or within fifty (50) days after service of the citation and petition, whichever is later.

27.     Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

28.     Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

The terms "incident in question", "occurrence in question", or "occasion in question" mean and refer to any and all events which transpired on or about **November 12, 2014**, and which are further described in Plaintiff's Original Petition or Plaintiff's last amended petition.

2.      "You" and "your" means **DAVID REYES ROMERO,** and all agents, servants, employees, representatives, and/or other persons acting or purporting to act on its behalf or with its authority.

3.      "Concerning" or "concern" mean referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, and pertaining to.

4.      The terms "document" or "documents", as used herein, are to be construed as broadly as are the terms "writings and recordings" in Tex R. Civ. P. 1001 and, without limitation, shall refer to the originals and all drafts and non-identical copies (whether different from the original by reason of notations made on such copies, or otherwise) of all letters, telegrams, memoranda, notes, records, diaries, charts, recordings, X-rays, work records, reports, studies, analysis, tabulations, graphs, logs, work sheets, specifications, photographs, videotapes, films, slides, negatives, contracts, telexes, fax and cable communications, summaries, files, desk files, surveys, receipts, notices, invoices, computer-stored data (disks) capable of being reduced to a document or documents, calendars, test reports, inspection reports, notes of conversations or communications, and all other written or recorded information and materials of any nature whatsoever in the actual or constructive possession, custody, or control of **DAVID REYES ROMERO,** or any of its employees, agents, and/or

any person or entity over whom you have control, and/or any person or entity as against whom you have a superior right to compel production.

5.    The term "person", as used herein, means any natural person and, in addition, any firm, partnership, professional association, joint venture, corporation, trust, association, or other entity of any nature or character, including government agencies or entities of any kind, together with the partners, trustees, officers, directors, employees, or agents thereof.

6.    "Identify" or "identity", when used in reference to a document, means to state the author's name and address, the date, title, and number of pages, the type of document (e.g., telefax, chart, medical record, etc.), and any other or further description that will permit proper designation for purposes of framing a request for production and inspection.   In "identifying', it is <u>not sufficient</u> to only identify existing documents within your present possession, custody, or control.  Where responsive to any of the following interrogatories, you must identify, to the fullest extent possible, any and all documents which you believe to have once existed, irrespective of that document's present existence, and regardless of whoever had or presently has possession, custody, or control of that document.  In lieu of <u>identifying</u> any document or setting forth verbatim its content, you may attach a true and correct copy of the document(s) properly referenced in your answers.

7.    "Identify" or "identity', when used in reference to a person, means to state the person in reference to a business entity, means to state that business' name, the type of legal entity, the business' address, and if a corporation, the state of incorporation.

8.    If you claim as privileged or otherwise protected from discovery any information at any document responsive to one or more of the following interrogatories, you shall set forth, in detail, all basis for the claim of privilege, and set forth all grounds upon which you rely in claiming that the information or document is privileged or otherwise protected from discovery.

## INTERROGATORIES

1.    State your full name, address, date of birth, social security number, telephone number, driver's license number, type of license, and all restrictions and endorsements to your driver's license.   If your driver's license has been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the date(s), the reason(s) stated for each suspension, and the ultimate outcome/result.
**ANSWER:**

2. Identify each traffic citation you have received in the past ten (10) years, including any traffic citation you received as a result of this wreck. As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (city and state).

   **ANSWER:**

3. Identify each motor vehicle wreck in which you have been involved as a driver, excluding the wreck made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the wreck, the identity of the other driver(s), the location (including the street, city, and state), and, if fault was determined, the result.

   **ANSWER:**

4. If you have ever been arrested for any offense, other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.

   **ANSWER:**

5. Identify each of your employers for the past five (5) years, and include dates of employment, your job title, your job duties, how you were paid (commission, hourly, salary, by the job), and the reason for termination/separation of the employment.

   **ANSWER:**

6. State whether you were acting within course and scope of any agency, employment (including self-employment), or service at the time of wreck, and if so, state the name of your employer or company for which you were performing tasks, their address, telephone number, your job title, your job duties, dates of employment / service, how you were paid (commission, hourly, salary, by the job), and describe the relationship to this company (i.e., employer/employee, independent contractor, etc.).

   **ANSWER:**

7. State where you had been just prior to the wreck, where you were going, and the purpose of the trip.

   **ANSWER:**

---

8. Describe in your own words how the wreck occurred, including the speed or estimated speed that your vehicle was traveling at the time, and any cause or contributing cause of the wreck, including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants, sudden emergency, unavoidable accident, mechanical defect, or Act of God.

**ANSWER:**

9. Please state whether there were any witnesses to the wreck (including any passengers in your vehicle or any other vehicle), and if so, give their name, address, and telephone number.

**ANSWER:**

10. State the style, Court and cause number of all lawsuits you have been a party to and the final disposition of said suit.

**ANSWER:**

11. Please provide the name(s) and address(es) of the cellular and/or wireless telephone company and the telephone number of all cellular and/or wireless telephones that were in your vehicle, in your possession, and in the possession of all passengers at the time of the wreck, and state whether you were using a wireless device of any kind at the time of the wreck.

**ANSWER:**

12. State in detail what intoxicating beverages, if any, you had consumed, and what drugs and medications (including prescription and over the counter medications) that you took in the twenty-four (24) hour period prior to the wreck.

**ANSWER:**

13. Identify all illnesses and physical conditions (including visual conditions requiring corrective lens) that you had at the time of the wreck. Please explain how these affect and/or could affect your driving abilities.

**ANSWER:**

---

14. If you were not the owner of the vehicle you were driving at the time of the wreck, state the name, address, and telephone number of the owner of the vehicle, and whether you had permission from the owner to drive the vehicle.

   **ANSWER:**

15. Describe what injuries, if any, you received in the wreck and list any treating health care providers for such injuries.

   **ANSWER:**

16. Describe all statements, admissions, or declarations made by Plaintiff or conversations you had with Plaintiff at the time of the wreck, or at any time subsequent to the wreck.

   **ANSWER:**

17. State whether any other person, not a party to this lawsuit, has made a claim or filed a lawsuit against you or any other person regarding or pertaining to the wreck, and if so, please state such person's name and address.

   **ANSWER:**

18. Do you have any evidence of criminal convictions of any party or witness involved in this case? If so, please state the following:

   a. Date of conviction;
   b. Nature of conviction; and
   c. Cause number, court, and jurisdiction of conviction.

   **ANSWER:**

19. State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s). Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.

   **ANSWER:**

---

*ESCAMILLA VS. ROMERO*
*Plaintiff's Original Petition with Request for Disclosure*

*PAGE 16 OF 64*

## VERIFICATION

THE STATE OF _____ §
                                                        §
COUNTY OF _____ §


      **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his knowledge and completely true and correct.


_____
**Signature**


_____
**Print**


THE STATE OF _____ §
                                                        §
COUNTY OF _____ §

      **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

      **SUBSCRIBED AND SWORN TO on the _____ day of _____, 2016.**


_____
**Notary Public, State of Texas**

My Commission Expires: _____


---

*ESCAMILLA VS. ROMERO*                                                           *PAGE 17 OF 64*
*Plaintiff's Original Petition with Request for Disclosure*

## XII

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JOSE VIDAL ROMERO REYES

**26.**    You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. You are notified that the Plaintiff specify that the answers shall be served upon the undersigned counsel within thirty (30) days after service of these interrogatories, or within fifty (50) days after service of the citation and petition, whichever is later.

**27.**    Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

**28.**    Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

The terms "incident in question", "occurrence in question", or "occasion in question" mean and refer to any and all events which transpired on or about **November 12, 2014**, and which are further described in Plaintiff's Original Petition or Plaintiff's last amended petition.

2.    "You" and "your" means **JOSE VIDAL ROMERO REYES**, and all agents, servants, employees, representatives, and/or other persons acting or purporting to act on its behalf or with its authority.

3.    "Concerning" or "concern" mean referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, and pertaining to.

4.    The terms "document" or "documents", as used herein, are to be construed as broadly as are the terms "writings and recordings" in Tex R. Civ. P. 1001 and, without limitation, shall refer to the originals and all drafts and non-identical copies (whether different from the original by reason of notations made on such copies, or otherwise) of all letters, telegrams, memoranda, notes, records, diaries, charts, recordings, X-rays, work records, reports, studies, analysis, tabulations, graphs, logs, work sheets, specifications, photographs, videotapes, films, slides, negatives, contracts, telexes, fax and cable communications, summaries, files, desk files, surveys, receipts, notices, invoices, computer-stored data (disks)

---

capable of being reduced to a document or documents, calendars. test reports, inspection reports, notes of conversations or communications, and all other written or recorded information and materials of any nature whatsoever in the actual or constructive possession, custody, or control of **JOSE VIDAL ROMERO REYES**, or any of its employees, agents, and/or any person or entity over whom you have control, and/or any person or entity as against whom you have a superior right to compel production.

5.  The term "person", as used herein, means any natural person and, in addition, any firm, partnership, professional association, joint venture, corporation, trust, association, or other entity of any nature or character, including government agencies or entities of any kind, together with the partners, trustees, officers, directors, employees, or agents thereof.

9.  "Identify" or "identity", when used in reference to a document, means to state the author's name and address, the date, title, and number of pages, the type of document (e.g., telefax, chart, medical record, etc.), and any other or further description that will permit proper designation for purposes of framing a request for production and inspection.   In "identifying', it is <u>not sufficient</u> to only identify existing documents within your present possession, custody, or control.  Where responsive to any of the following interrogatories, you must identify, to the fullest extent possible, any and all documents which you believe to have once existed, irrespective of that document's present existence, and regardless of whoever had or presently has possession, custody, or control of that document.  In lieu of <u>identifying</u> any document or setting forth verbatim its content, you may attach a true and correct copy of the document(s) properly referenced in your answers.

10.  "Identify" or "identity', when used in reference to a person, means to state the person in reference to a business entity, means to state that business' name, the type of legal entity, the business' address, and if a corporation, the state of incorporation.

11.  If you claim as privileged or otherwise protected from discovery any information at any document responsive to one or more of the following interrogatories, you shall set forth, in detail, all basis for the claim of privilege, and set forth all grounds upon which you rely in claiming that the information or document is privileged or otherwise protected from discovery.

## INTERROGATORIES

20. State your full name, address, date of birth, social security number, telephone number, driver's license number, type of license, and all restrictions and endorsements to your driver's license.   If your driver's license has been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the date(s), the reason(s) stated for each suspension, and the ultimate outcome/result.
**ANSWER:**

21. Identify each traffic citation you have received in the past ten (10) years, including any traffic citation you received as a result of this wreck. As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (city and state).
   **ANSWER:**

22. Identify each motor vehicle wreck in which you have been involved as a driver, excluding the wreck made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the wreck, the identity of the other driver(s), the location (including the street, city, and state), and, if fault was determined, the result.
   **ANSWER:**

23. If you have ever been arrested for any offense, other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.
   **ANSWER:**

24. Identify each of your employers for the past five (5) years, and include dates of employment, your job title, your job duties, how you were paid (commission, hourly, salary, by the job), and the reason for termination/separation of the employment.
   **ANSWER:**

25. State whether you were acting within course and scope of any agency, employment (including self-employment), or service at the time of wreck, and if so, state the name of your employer or company for which you were performing tasks, their address, telephone number, your job title, your job duties, dates of employment / service, how you were paid (commission, hourly, salary, by the job), and describe the relationship to this company (i.e., employer/employee, independent contractor, etc.).
   **ANSWER:**

26. State where you had been just prior to the wreck, where you were going, and the purpose of the trip.
   **ANSWER:**

27. Describe in your own words how the wreck occurred, including the speed or estimated speed that your vehicle was traveling at the time, and any cause or contributing cause of

---

*ESCAMILLA VS. ROMERO*
*Plaintiff's Original Petition with Request for Disclosure*

the wreck, including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants, sudden emergency, unavoidable accident, mechanical defect, or Act of God.
**ANSWER:**

28. Please state whether there were any witnesses to the wreck (including any passengers in your vehicle or any other vehicle), and if so, give their name, address, and telephone number.
**ANSWER:**

29. State the style, Court and cause number of all lawsuits you have been a party to and the final disposition of said suit.
**ANSWER:**

30. Please provide the name(s) and address(es) of the cellular and/or wireless telephone company and the telephone number of all cellular and/or wireless telephones that were in your vehicle, in your possession, and in the possession of all passengers at the time of the wreck, and state whether you were using a wireless device of any kind at the time of the wreck.
**ANSWER:**

31. State in detail what intoxicating beverages, if any, you had consumed, and what drugs and medications (including prescription and over the counter medications) that you took in the twenty-four (24) hour period prior to the wreck.
**ANSWER:**

32. Identify all illnesses and physical conditions (including visual conditions requiring corrective lens) that you had at the time of the wreck. Please explain how these affect and/or could affect your driving abilities.
**ANSWER:**

**33.** If you were not the owner of the vehicle you were driving at the time of the wreck, state the name, address, and telephone number of the owner of the vehicle, and whether you had permission from the owner to drive the vehicle.
**ANSWER:**

34. Describe what injuries, if any, you received in the wreck and list any treating health care providers for such injuries.
**ANSWER:**

35. Describe all statements, admissions, or declarations made by Plaintiff or conversations you had with Plaintiff at the time of the wreck, or at any time subsequent to the wreck.
    **ANSWER:**

36. State whether any other person, not a party to this lawsuit, has made a claim or filed a lawsuit against you or any other person regarding or pertaining to the wreck, and if so, please state such person's name and address.
    **ANSWER:**

37. Do you have any evidence of criminal convictions of any party or witness involved in this case? If so, please state the following:

    a.  Date of conviction;
    b.  Nature of conviction; and
    c.  Cause number, court, and jurisdiction of conviction.
    **ANSWER:**

38. State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s). Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.
    **ANSWER:**

## VERIFICATION

THE STATE OF _____ §
§
COUNTY OF _____ §

      **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his knowledge and completely true and correct.

                                  _____
                                  **Signature**

                                  _____
                                  **Print**

THE STATE OF _____ §
§
COUNTY OF _____ §

      **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

      **SUBSCRIBED AND SWORN TO on the _____ day of _____, 2016.**

                                  _____
                                  **Notary Public, State of Texas**

My Commission Expires: _____

*ESCAMILLA VS. ROMERO*                                 *PAGE 23 OF 64*
*Plaintiff's Original Petition with Request for Disclosure*

## XIII
## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JVR TRANSPORT

**26.**   You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure.   You are notified that the Plaintiff specify that the answers shall be served upon the undersigned counsel within thirty (30) days after service of these interrogatories, or within fifty (50) days after service of the citation and petition, whichever is later.

**27.**   Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

**28.**   Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

The terms "incident in question", "occurrence in question", or "occasion in question" mean and refer to any and all events which transpired on or about **November 12, 2014**, and which are further described in Plaintiff's Original Petition or Plaintiff's last amended petition.

2.   "You" and "your" means **JVR TRANSPORT,** and all agents, servants, employees, representatives, and/or other persons acting or purporting to act on its behalf or with its authority.

3.   "Concerning" or "concern" mean referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, and pertaining to.

4.   The terms "document" or "documents", as used herein, are to be construed as broadly as are the terms "writings and recordings" in Tex R. Civ. P. 1001 and, without limitation, shall refer to the originals and all drafts and non-identical copies (whether different from the original by reason of notations made on such copies, or otherwise) of all letters, telegrams, memoranda, notes, records, diaries, charts, recordings, X-rays, work records, reports, studies, analysis, tabulations, graphs, logs, work sheets, specifications, photographs,

---

videotapes, films, slides, negatives, contracts, telexes, fax and cable communications, summaries, files, desk files, surveys, receipts, notices, invoices, computer-stored data (disks) capable of being reduced to a document or documents, calendars, test reports, inspection reports, notes of conversations or communications, and all other written or recorded information and materials of any nature whatsoever in the actual or constructive possession, custody, or control of **JVR TRANSPORT**, or any of its employees, agents, and/or any person or entity over whom you have control, and/or any person or entity as against whom you have a superior right to compel production.

5.     The term "person", as used herein, means any natural person and, in addition, any firm, partnership, professional association, joint venture, corporation, trust, association, or other entity of any nature or character, including government agencies or entities of any kind, together with the partners, trustees, officers, directors, employees, or agents thereof.

12.    "Identify" or "identity", when used in reference to a document, means to state the author's name and address, the date, title, and number of pages, the type of document (e.g., telefax, chart, medical record, etc.), and any other or further description that will permit proper designation for purposes of framing a request for production and inspection. In "identifying", it is <u>not sufficient</u> to only identify existing documents within your present possession, custody, or control. Where responsive to any of the following interrogatories, you must identify, to the fullest extent possible, any and all documents which you believe to have once existed, irrespective of that document's present existence, and regardless of whoever had or presently has possession, custody, or control of that document. In lieu of <u>identifying</u> any document or setting forth verbatim its content, you may attach a true and correct copy of the document(s) properly referenced in your answers.

13.    "Identify" or "identity", when used in reference to a person, means to state the person in reference to a business entity, means to state that business' name, the type of legal entity, the business' address, and if a corporation, the state of incorporation.

14.    If you claim as privileged or otherwise protected from discovery any information at any document responsive to one or more of the following interrogatories, you shall set forth, in detail, all basis for the claim of privilege, and set forth all grounds upon which you rely in claiming that the information or document is privileged or otherwise protected from discovery.

## **INTERROGATORIES**

39. State your full name, address, date of birth, social security number, telephone number, driver's license number, type of license, and all restrictions and endorsements to your driver's license. If your driver's license has been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the date(s), the reason(s) stated for each suspension, and the ultimate outcome/result.
**ANSWER:**

---

*ESCAMILLA VS. ROMERO*                                                                 *PAGE 25 OF 64*
*Plaintiff's Original Petition with Request for Disclosure*

40. Identify each traffic citation you have received in the past ten (10) years, including any traffic citation you received as a result of this wreck. As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (city and state).
**ANSWER:**

41. Identify each motor vehicle wreck in which you have been involved as a driver, excluding the wreck made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the wreck, the identity of the other driver(s), the location (including the street, city, and state), and, if fault was determined, the result.
**ANSWER:**

42. If you have ever been arrested for any offense, other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.
**ANSWER:**

43. Identify each of your employers for the past five (5) years, and include dates of employment, your job title, your job duties, how you were paid (commission, hourly, salary, by the job), and the reason for termination/separation of the employment.
**ANSWER:**

44. State whether you were acting within course and scope of any agency, employment (including self-employment), or service at the time of wreck, and if so, state the name of your employer or company for which you were performing tasks, their address, telephone number, your job title, your job duties, dates of employment / service, how you were paid (commission, hourly, salary, by the job), and describe the relationship to this company (i.e., employer/employee, independent contractor, etc.).
**ANSWER:**

45. State where you had been just prior to the wreck, where you were going, and the purpose of the trip.
**ANSWER:**

---

46. Describe in your own words how the wreck occurred, including the speed or estimated speed that your vehicle was traveling at the time, and any cause or contributing cause of the wreck, including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants, sudden emergency, unavoidable accident, mechanical defect, or Act of God.
   **ANSWER:**

47. Please state whether there were any witnesses to the wreck (including any passengers in your vehicle or any other vehicle), and if so, give their name, address, and telephone number.
   **ANSWER:**

48. State the style, Court and cause number of all lawsuits you have been a party to and the final disposition of said suit.
   **ANSWER:**

49. Please provide the name(s) and address(es) of the cellular and/or wireless telephone company and the telephone number of all cellular and/or wireless telephones that were in your vehicle, in your possession, and in the possession of all passengers at the time of the wreck, and state whether you were using a wireless device of any kind at the time of the wreck.
   **ANSWER:**

50. State in detail what intoxicating beverages, if any, you had consumed, and what drugs and medications (including prescription and over the counter medications) that you took in the twenty-four (24) hour period prior to the wreck.
   **ANSWER:**

51. Identify all illnesses and physical conditions (including visual conditions requiring corrective lens) that you had at the time of the wreck. Please explain how these affect and/or could affect your driving abilities.
   **ANSWER:**

52. If you were not the owner of the vehicle you were driving at the time of the wreck, state the name, address, and telephone number of the owner of the vehicle, and whether you had permission from the owner to drive the vehicle.
   **ANSWER:**

53. Describe what injuries, if any, you received in the wreck and list any treating health care providers for such injuries.
   **ANSWER:**

---

54. Describe all statements, admissions, or declarations made by Plaintiff or conversations you had with Plaintiff at the time of the wreck, or at any time subsequent to the wreck.
   **ANSWER:**

55. State whether any other person, not a party to this lawsuit, has made a claim or filed a lawsuit against you or any other person regarding or pertaining to the wreck, and if so, please state such person's name and address.
   **ANSWER:**

56. Do you have any evidence of criminal convictions of any party or witness involved in this case?  If so, please state the following:

   a.  Date of conviction;
   b.  Nature of conviction; and
   c.  Cause number, court, and jurisdiction of conviction.
   **ANSWER:**

57. State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s).  Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.
   **ANSWER:**

## VERIFICATION

THE STATE OF _____ §
                                §
COUNTY OF _____ §

      **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his knowledge and completely true and correct.

_____
**Signature**

_____
**Print**

THE STATE OF _____ §
                                §
COUNTY OF _____ §

      **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

      **SUBSCRIBED AND SWORN TO on the _____ day of _____, 2016.**

_____
**Notary Public, State of Texas**

My Commission Expires: _____

---

*ESCAMILLA VS. ROMERO*                                                    *PAGE 29 OF 64*
*Plaintiff's Original Petition with Request for Disclosure*

XIV
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT DAVID REYES ROMERO

**28.**    Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that the Defendants produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

**29.**    Plaintiff designates the manner of discovery to be by Defendants providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendants' possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney.  If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendants' counsel or Defendants' premises or obtaining delivery there from.  Plaintiff will return Defendants' photographs, movies, videotapes, and tangible unduplicated items to Defendants as requested by Defendants.

**30.**    Plaintiff designate fifty (50) days after service of citation, petition and these requests for discovery and inspection to obtain custody of such items.  Pursuant to Rule 166b.6, Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial, and specifically include supplementation regarding expert witnesses, and

expert witnesses' reports, physical models, compilations of data, photographs or videos, and

other materials that have been prepared by, relied upon, reviewed by, or used by an expert.

### DEFINITIONS AND INSTRUCTIONS

**31.**     As used herein, the term "you", "your", or "DEFENDANT(S)" shall mean **DAVID REYES**

**ROMERO** as well as your attorneys, agents, employees, and all other natural persons or business

or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

**32.**     When used herein "PLAINTIFF" means **MARGARITA ESCAMILLA**.

**33.**     When used herein "incident" or "occurrence" means the incident which occurred on

**November 12, 2014.**

**34.**     The term "document" or "documents" shall mean all writings, correspondence, papers,

books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs,

written or electronically recorded or compiled notes, test results, or memoranda, audio tape

recordings, and video tape recordings of every kind, source, and authorship, both originals and all

nonidentical copies thereof, together with all attachments and appendices, which are in your

possession, custody, or control, or known by you to exist, irrespective of whether such was intended

for or transmitted internally by you, or intended for or transmitted to any other person or entity,

including without limitation any government agency, department, administrative agency, or private

entity or person.    The term shall include handwritten, typewritten, printed, photocopied,

photographic, electronically recorded, or graphic matter.   It shall also include communications in

words, symbols, pictures, audio recordings, photographs, films/movies, video tapes, and

information stored in, or accessible through, computers or other electronic information storage or

retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

35.     The term "document" or "documents" shall mean all writings, correspondence, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all nonidentical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, irrespective of whether such was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative agency, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter.  It shall also include communications in words, symbols, pictures, audio recordings, films/movies, video tapes, and information stored in, or accessible through, computers or other electronic information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

36.     Further, to the extent that the information requested hereinafter exists within a computer, computer retrieval system, computer recorded medium, or other electronically recorded method you are requested to reduce the information to paper copy.

37.     The term "Person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

38.    Unless defined otherwise in an individual Request for Production "Identify", "Identity", or

"Identification" have the following meanings:

1.    When used in reference to a <u>person</u>, "identify", "identity", or "identification" means to state his/her full name, present or last known residence address, present or last known business address, and residence and business telephone numbers.

2.    When used in reference to a <u>public or private corporation, governmental entity, partnership, association</u>, or <u>any other business entity</u>, "identify", "identity", or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

3.    When used in reference to a <u>document</u>, "identify", "identity", or "identification" shall include a statement of the following:

(a)    the title, heading, or caption, if any, or such document;

(b)    the identifying numbers, letters, or combination thereof, if any, and the significance or meaning of such numbers, letters, or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(c)    the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(d)    the number of pages and the general nature of description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so as to enable such document to be precisely identified;

(e)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(f)    the name and capacity of the person to whom such document was addressed and the name and capacity of such persons, other than such addressee, to whom such document, or a copy thereof, was sent; and

(g)    the physical location of the document and the name of its custodian or custodians.

3.    When used in reference to a <u>statement</u>, "identify", "identity", or "identification" means the following:

(a)    the identity of the person who made the statement, the person who took or recorded the statement, and all persons present during the making of the statement;

       (b)     the date, location, and method by which the statement was taken and/or recorded; and

       (c)     the identity of the person or persons who has present or last known possession, custody, or control of the statement.

5.     When used in reference to an <u>incident, occurrence, claim, warranty claim, complaint, notice, or suit</u>, "identify", "identity", or "identification" means to state the following:

       (a)     the date and place of the incident or occurrence on which the claim, warranty claim, complaint, notice, or suit is based;

       (b)     what is alleged to have occurred;

       (c)     a description of the machine or instrument involved;

       (d)     the <u>identity</u> of the person(s) involved in the incident or occurrence; and

       (e)     in the case of each suit, the style, cause number, court in which filed, <u>identity</u> of the Plaintiff's attorney, and whether or not the case is pending or closed.

6.     When used in reference to a system, procedure, or computer program for the reporting, recording, categorizing, organizing, or analyzing of warranty claims or any other claimed or reported problems with or complaints about <u>your</u> products, "identify", "identity", or "identification" means to state the following:

       (a)     the <u>identity</u> of the person(s) responsible for such system(s), procedure(s), or computer program(s);

       (b)     any name, title, number, abbreviation, or acronym used within your company to identify or refer to the system(s), procedure(s), or computer program(s);

       (c)     a description in detail of how the system(s), procedure(s), or computer program(s) operate;

       (d)     whether <u>your</u> dealers have access to the information contained in or obtained from such system(s), procedure(s), or computer program(s), and if so, describe in detail how a dealer can obtain such information; and

       (e)     whether such system(s), procedure(s), or computer program(s) provide for the compilation, reporting, summary, analysis, or digest on a periodic basis (e.g., weekly, monthly, quarterly, etc., or other regular or routine basis), of all or part of the information or data received, and, if so, (a) describe in detail the format of such periodic or other compilation, report, summary, analysis, or digest; (b) state fully any identifying name, title, number, abbreviation or acronym used within <u>your</u> company to describe or refer to same; and (c) <u>identify</u> each and every person who has possession, custody, or control of or access to such compilation, report, summary, analysis, or digest.

---

*ESCAMILLA VS. ROMERO*                                      *PAGE 34 OF 64*
*Plaintiff's Original Petition with Request for Disclosure*

39.     If any document which would be responsive to any interrogatory herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined hereinabove, and by additionally stating whether it is missing or lost, it has been destroyed, it has been transferred voluntarily to others, or it has been otherwise disposed of, and in each instance in which it has been destroyed, transferred, or disposed of:

1.      Explain the circumstances surrounding such disposition;

2.      Identify the persons(s) directing or authorizing its destruction or transfer;

3.      The date(s) of such direction or authorization; and

4.      Whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s).

40.     **"Expert"** means any expert who is expected to testify at trial, either in your case in chief or rebuttal, by deposition or live testimony, **and** any expert who has been informally consulted, retained, or specially employed in anticipation of litigation or preparation for trial, but who will not be called to testify, whose opinions or impressions, including any documents, tangible things, test results, factual observations, data, or work product containing such impressions and opinions, have been reviewed by a testifying expert.

41.     **"Control"** means within your possession, custody, or control and includes constructive possession as long as you, your attorneys, agents, or representatives, whether natural persons or business or legal entities, have superior right to compel the production from any third party, whether natural persons or business or legal entities, and including any agency, authority, or representative.

## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
## DAVID REYES ROMERO

Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

3.    All photographs, video tapes, movies, and other graphic representations, including but not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the collision, the vehicles involved, and the parties involved.

5.    All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this wreck.

6.    All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the wreck.

7.    All documents and records for any vehicle relating to the damage and/or repair resulting from the wreck including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8.    All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

9.    All newspaper articles that pertain to or reference the wreck.

10.   All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau, ISO, and Colossus.

11.   Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

12.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the plaintiff(s) and/or concerning the medical or physical condition of the plaintiff(s) which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

13.   A copy of all documents relating to any criminal records pertaining to any party or witness.

14.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind (including bills) containing information about the *defendant* arising from this accident.

*ESCAMILLA VS. ROMERO*                                                      *PAGE 36 OF 64*
*Plaintiff's Original Petition with Request for Disclosure*

15.     Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

16.     A true, correct, and unaltered copy of your cellular phone or other mobile device bill for the period of two (2) hours before and after the time of the wreck, including all incoming and outgoing phone calls, data usage, emails, text messages, or other electronic communications sent or received.

17.     Any and all trial exhibits.

## XV.
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT DAVID REYES ROMERO

**28.**     Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that the Defendants produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

**29.**     Plaintiff designates the manner of discovery to be by Defendants providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendants' possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney.  If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendants' counsel or Defendants' premises or obtaining delivery there from.  Plaintiff will return Defendants' photographs, movies, videotapes, and tangible unduplicated items to Defendants as requested by Defendants.

---

30.     Plaintiff designate fifty (50) days after service of citation, petition and these requests for discovery and inspection to obtain custody of such items.  Pursuant to Rule 166b.6, Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial, and specifically include supplementation regarding expert witnesses, and expert witnesses' reports, physical models, compilations of data, photographs or videos, and other materials that have been prepared by, relied upon, reviewed by, or used by an expert.

## DEFINITIONS AND INSTRUCTIONS

31.     As used herein, the term "you", "your", or "DEFENDANT(S)" shall mean **DAVID REYES ROMERO** as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

32.     When used herein "PLAINTIFF" means **MARGARITA ESCAMILLA**.

33.     When used herein "incident" or "occurrence" means the incident which occurred on **November 12, 2014.**

34.     The term "document" or "documents" shall mean all writings, correspondence, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all nonidentical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, irrespective of whether such was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative agency, or private

entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter. It shall also include communications in words, symbols, pictures, audio recordings, photographs, films/movies, video tapes, and information stored in, or accessible through, computers or other electronic information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

35. The term "document" or "documents" shall mean all writings, correspondence, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all nonidentical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, irrespective of whether such was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative agency, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter. It shall also include communications in words, symbols, pictures, audio recordings, films/movies, video tapes, and information stored in, or accessible through, computers or other electronic information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

36.    Further, to the extent that the information requested hereinafter exists within a computer, computer retrieval system, computer recorded medium, or other electronically recorded method, you are requested to reduce the information to paper copy.

37.    The term "Person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

38.    Unless defined otherwise in an individual Request for Production "Identify", "Identity", or "Identification" have the following meanings:

    1.    When used in reference to a person, "identify", "identity", or "identification" means to state his/her full name, present or last known residence address, present or last known business address, and residence and business telephone numbers.

    2.    When used in reference to a public or private corporation, governmental entity, partnership, association, or any other business entity, "identify", "identity", or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

    3.    When used in reference to a document, "identify", "identity", or "identification" shall include a statement of the following:

        (b)    the title, heading, or caption, if any, or such document;

        (b)    the identifying numbers, letters, or combination thereof, if any, and the significance or meaning of such numbers, letters, or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        (c)    the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        (d)    the number of pages and the general nature of description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so as to enable such document to be precisely identified;

        (e)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        (f)    the name and capacity of the person to whom such document was addressed and the name and capacity of such persons, other than such addressee, to whom such document, or a copy thereof, was sent; and

(g)     the physical location of the document and the name of its custodian or custodians.

4.    When used in reference to a statement, "identify", "identity", or "identification" means the following:

(a)     the identity of the person who made the statement, the person who took or recorded the statement, and all persons present during the making of the statement;

(b)     the date, location, and method by which the statement was taken and/or recorded; and

(c)     the identity of the person or persons who has present or last known possession, custody, or control of the statement.

5.    When used in reference to an incident, occurrence, claim, warranty claim, complaint, notice, or suit, "identify", "identity", or "identification" means to state the following:

(a)     the date and place of the incident or occurrence on which the claim, warranty claim, complaint, notice, or suit is based;

(b)     what is alleged to have occurred;

(c)     a description of the machine or instrument involved;

(d)     the identity of the person(s) involved in the incident or occurrence; and

(e)     in the case of each suit, the style, cause number, court in which filed, identity of the Plaintiff's attorney, and whether or not the case is pending or closed.

6.    When used in reference to a system, procedure, or computer program for the reporting, recording, categorizing, organizing, or analyzing of warranty claims or any other claimed or reported problems with or complaints about your products, "identify", "identity", or "identification" means to state the following:

(a)     the identity of the person(s) responsible for such system(s), procedure(s), or computer program(s);

(b)     any name, title, number, abbreviation, or acronym used within your company to identify or refer to the system(s), procedure(s), or computer program(s);

(c)     a description in detail of how the system(s), procedure(s), or computer program(s) operate;

(d)     whether your dealers have access to the information contained in or obtained from such system(s), procedure(s), or computer program(s), and if so, describe in detail how a dealer can obtain such information; and

---

(e)     whether such system(s), procedure(s), or computer program(s) provide for the compilation, reporting, summary, analysis, or digest on a periodic basis (e.g., weekly, monthly, quarterly, etc., or other regular or routine basis), of all or part of the information or data received, and, if so, (a) describe in detail the format of such periodic or other compilation, report, summary, analysis, or digest; (b) state fully any identifying name, title, number, abbreviation or acronym used within <u>your</u> company to describe or refer to same; and (c) <u>identify</u> each and every person who has possession, custody, or control of or access to such compilation, report, summary, analysis, or digest.

39.     If any document which would be responsive to any interrogatory herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined hereinabove, and by additionally stating whether it is missing or lost, it has been destroyed, it has been transferred voluntarily to others, or it has been otherwise disposed of, and in each instance in which it has been destroyed, transferred, or disposed of:

1.     Explain the circumstances surrounding such disposition;

2.     Identify the persons(s) directing or authorizing its destruction or transfer;

3.     The date(s) of such direction or authorization; and

4.     Whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s).

40.     "**Expert**" means any expert who is expected to testify at trial, either in your case in chief or rebuttal, by deposition or live testimony, **and** any expert who has been informally consulted, retained, or specially employed in anticipation of litigation or preparation for trial, but who will not be called to testify, whose opinions or impressions, including any documents, tangible things, test results, factual observations, data, or work product containing such impressions and opinions, have been reviewed by a testifying expert.

41.     "**Control**" means within your possession, custody, or control and includes constructive possession as long as you, your attorneys, agents, or representatives, whether natural persons or

business or legal entities, have superior right to compel the production from any third party, whether

natural persons or business or legal entities, and including any agency, authority, or representative.

## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
## JOSE VIDIAL ROMERO REYES

Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all
statements given by or taken from the Plaintiff, Defendant or any witnesses or persons
with knowledge of relevant facts, including complete and legible transcripts.

1.   All photographs, video tapes, movies, and other graphic representations, including but
     not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the collision,
     the vehicles involved, and the parties involved.

2.   All non-waiver agreements, reservation of rights letters, or other documents or
     communications regarding any contractual obligations, including but not limited to
     indemnity agreements, regarding insurance or other coverage for this wreck.

3.   All documents, records, notations, or memoranda relating to the repair and maintenance
     of your vehicle for the period of one (1) year immediately preceding the wreck.

4.   All documents and records for any vehicle relating to the damage and/or repair resulting
     from the wreck including, but not limited to, photographs, repair estimates, supplemental
     estimates, and salvage reports.

5.   All documents, records, reports, notations, and memoranda relating to any insurance
     claims, including property damage claims, or worker's compensation claims made by you
     as a result of this incident.

6.   All newspaper articles that pertain to or reference the wreck.

7.   All documents, records, reports, notations, or memoranda regarding the Plaintiff from
     persons or entities that compile claim information, insurance claims, and worker's
     compensation claims, specifically including the Southwest Index Bureau, ISO, and
     Colossus.

8.   Any and all settlement agreements, wherein you have arrived at a settlement or
     agreement between you and any other person, whether or not a party to this lawsuit,
     regarding or pertaining to the incident made the basis of this lawsuit or any damages
     resulting therefrom.

9.   A copy of all medical records, doctor or hospital records, reports, or medical documents
     of any kind containing information about the plaintiff(s) and/or concerning the medical or

physical condition of the plaintiff(s) which are in the possession or constructive possession, custody or control of the defendant. Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

10. A copy of all documents relating to any criminal records pertaining to any party or witness.

11. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind (including bills) containing information about the *defendant* arising from this accident.

12. Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

13. A true, correct, and unaltered copy of your cellular phone or other mobile device bill for the period of two (2) hours before and after the time of the wreck, including all incoming and outgoing phone calls, data usage, emails, text messages, or other electronic communications sent or received.

14. Any and all trial exhibits.

## XVI.
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT JVR TRANSPORT

28. Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that the Defendants produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

29. Plaintiff designates the manner of discovery to be by Defendants providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendants' possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be

---

copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney. Plaintiff is agreeable to conducting discovery in the office of Defendants' counsel or Defendants' premises or obtaining delivery there from.   Plaintiff will return Defendants' photographs, movies, videotapes, and tangible unduplicated items to Defendants as requested by Defendants.

30.     Plaintiff designate fifty (50) days after service of citation, petition and these requests for discovery and inspection to obtain custody of such items.  Pursuant to Rule 166b.6, Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial, and specifically include supplementation regarding expert witnesses, and expert witnesses' reports, physical models, compilations of data, photographs or videos, and other materials that have been prepared by, relied upon, reviewed by, or used by an expert.

### DEFINITIONS AND INSTRUCTIONS

31.     As used herein, the term "you", "your", or "DEFENDANT(S)" shall mean **JVR TRANSPORT** as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

32.     When used herein "PLAINTIFF" means **MARGARITA ESCAMILLA**.

33.     When used herein "incident" or "occurrence" means the incident which occurred on **November 12, 2014.**

34.    The term "document" or "documents" shall mean all writings, correspondence, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all nonidentical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, irrespective of whether such was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative agency, or private entity or person.    The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter.   It shall also include communications in words, symbols, pictures, audio recordings, photographs, films/movies, video tapes, and information stored in, or accessible through, computers or other electronic information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

35.    The term "document" or "documents" shall mean all writings, correspondence, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all nonidentical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, irrespective of whether such was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative agency, or private

entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter. It shall also include communications in words, symbols, pictures, audio recordings, films/movies, video tapes, and information stored in, or accessible through, computers or other electronic information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

**36.** Further, to the extent that the information requested hereinafter exists within a computer, computer retrieval system, computer recorded medium, or other electronically recorded method you are requested to reduce the information to paper copy.

**37.** The term "Person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

**38.** Unless defined otherwise in an individual Request for Production "Identify", "Identity", or "Identification" have the following meanings:

    1.    When used in reference to a <u>person</u>, "identify", "identity", or "identification" means to state his/her full name, present or last known residence address, present or last known business address, and residence and business telephone numbers.

    2.    When used in reference to a <u>public or private corporation, governmental entity, partnership, association,</u> or <u>any other business entity</u>, "identify", "identity", or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

    3.    When used in reference to a <u>document</u>, "identify", "identity", or "identification" shall include a statement of the following:

          (c)    the title, heading, or caption, if any, or such document;

          (b)    the identifying numbers, letters, or combination thereof, if any, and the significance or meaning of such numbers, letters, or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(c)      the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(d)      the number of pages and the general nature of description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so as to enable such document to be precisely identified;

(e)      the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(f)      the name and capacity of the person to whom such document was addressed and the name and capacity of such persons, other than such addressee, to whom such document, or a copy thereof, was sent; and

(g)      the physical location of the document and the name of its custodian or custodians.

5.      When used in reference to a <u>statement</u>, "identify", "identity", or "identification" means the following:

(a)      the identity of the person who made the statement, the person who took or recorded the statement, and all persons present during the making of the statement;

(b)      the date, location, and method by which the statement was taken and/or recorded; and

(c)      the identity of the person or persons who has present or last known possession, custody, or control of the statement.

5.      When used in reference to an <u>incident, occurrence, claim, warranty claim, complaint, notice, or suit,</u> "identify", "identity", or "identification" means to state the following:

(a)      the date and place of the incident or occurrence on which the claim, warranty claim, complaint, notice, or suit is based;

(b)      what is alleged to have occurred;

(c)      a description of the machine or instrument involved;

(d)      the <u>identity</u> of the person(s) involved in the incident or occurrence; and

(e)      in the case of each suit, the style, cause number, court in which filed, <u>identity</u> of the Plaintiff's attorney, and whether or not the case is pending or closed.

6.   When used in reference to a system, procedure, or computer program for the reporting, recording, categorizing, organizing, or analyzing of warranty claims or any other claimed or reported problems with or complaints about your products, "identify", "identity", or "identification" means to state the following:

    (a)   the <u>identity</u> of the person(s) responsible for such system(s), procedure(s), or computer program(s);

    (b)   any name, title, number, abbreviation, or acronym used within your company to identify or refer to the system(s), procedure(s), or computer program(s);

    (c)   a description in detail of how the system(s), procedure(s), or computer program(s) operate;

    (d)   whether <u>your</u> dealers have access to the information contained in or obtained from such system(s), procedure(s), or computer program(s), and if so, describe in detail how a dealer can obtain such information; and

    (e)   whether such system(s), procedure(s), or computer program(s) provide for the compilation, reporting, summary, analysis, or digest on a periodic basis (e.g., weekly, monthly, quarterly, etc., or other regular or routine basis), of all or part of the information or data received, and, if so, (a) describe in detail the format of such periodic or other compilation, report, summary, analysis, or digest; (b) state fully any identifying name, title, number, abbreviation or acronym used within your company to describe or refer to same; and (c) <u>identify</u> each and every person who has possession, custody, or control of or access to such compilation, report, summary, analysis, or digest.

39.   If any document which would be responsive to any interrogatory herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined hereinabove, and by additionally stating whether it is missing or lost, it has been destroyed, it has been transferred voluntarily to others, or it has been otherwise disposed of, and in each instance in which it has been destroyed, transferred, or disposed of:

1.   Explain the circumstances surrounding such disposition;

2.   Identify the persons(s) directing or authorizing its destruction or transfer;

3.   The date(s) of such direction or authorization; and

4.   Whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s).

---

40.    **"Expert"** means any expert who is expected to testify at trial, either in your case in chief or rebuttal, by deposition or live testimony, **and** any expert who has been informally consulted, retained, or specially employed in anticipation of litigation or preparation for trial, but who will not be called to testify, whose opinions or impressions, including any documents, tangible things, test results, factual observations, data, or work product containing such impressions and opinions, have been reviewed by a testifying expert.

41.    **"Control"** means within your possession, custody, or control and includes constructive possession as long as you, your attorneys, agents, or representatives, whether natural persons or business or legal entities, have superior right to compel the production from any third party, whether natural persons or business or legal entities, and including any agency, authority, or representative.

## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
## JVR TRANSPORT

Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

1.    All photographs, video tapes, movies, and other graphic representations, including but not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the collision, the vehicles involved, and the parties involved.

2.    All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this wreck.

3.    All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the wreck.

4.    All documents and records for any vehicle relating to the damage and/or repair resulting from the wreck including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

5.  All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

6.  All newspaper articles that pertain to or reference the wreck.

7.  All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau, ISO, and Colossus.

8.  Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

9.  A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the plaintiff(s) and/or concerning the medical or physical condition of the plaintiff(s) which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

10. A copy of all documents relating to any criminal records pertaining to any party or witness.

11. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind (including bills) containing information about the *defendant* arising from this accident.

12. Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

13. A true, correct, and unaltered copy of your cellular phone or other mobile device bill for the period of two (2) hours before and after the time of the wreck, including all incoming and outgoing phone calls, data usage, emails, text messages, or other electronic communications sent or received.

14. Any and all trial exhibits.

## XVII.
## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT DAVID REYES ROMERO

42.     Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with these requests or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

43.     Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

1.     Admit that you were operating the 2006 White Peterbilt, at the time of the wreck.
**ADMIT OR DENY:**


2.     Admit that you were the owner of the vehicle you were driving that was involved in the wreck.
**ADMIT OR DENY:**


3.     Admit that your negligence proximately caused the wreck.
**ADMIT OR DENY:**


4.     Admit that you are liable for the wreck and injuries which form the basis of this lawsuit.
**ADMIT OR DENY:**


5.     Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the wreck.
**ADMIT OR DENY:**

---

6.    Admit that the wreck was not an unavoidable accident.
**ADMIT OR DENY:**


7.    Admit that the wreck was not the result of a sudden and unexpected emergency.
**ADMIT OR DENY:**


8.    Admit that the wreck was not caused solely by an act of God
**ADMIT OR DENY:**


9.    Admit that Margarita Escamilla did not commit any act or omissions which constituted
      negligence which proximately caused the wreck.
**ADMIT OR DENY:**


10.   Admit that you had a cellular telephone/device in your possession at the time of the
      wreck.
**ADMIT OR DENY:**


11.   Admit that you were using a cellular telephone/device at the time of the wreck.
**ADMIT OR DENY:**


12.   Admit that you did not take any evasive action in an attempt to avoid the wreck.
**ADMIT OR DENY:**


13.   Admit that you did not apply your brakes in an attempt to avoid the wreck.
**ADMIT OR DENY:**


14.   Admit that you did not turn your vehicle in an attempt to avoid the wreck.
**ADMIT OR DENY:**


15.   Admit that you disregarded a stop sign before impact with Plaintiff's vehicle.
**ADMIT OR DENY:**

16.     Admit that you disregarded a stop sign before impact with Plaintiff's vehicle that was a proximate cause of the wreck.
**ADMIT OR DENY:**


17.     Admit that you failed to blow the vehicle's horn in an effort to avoid the wreck.
**ADMIT OR DENY:**


18.     Admit that your failure to blow the vehicle's horn in an effort to avoid the wreck was a proximate cause of the wreck.
**ADMIT OR DENY:**


19.     Admit that you admitted to **Police Officer John Aguillon** at the scene that the wreck was your fault.
**ADMIT OR DENY:**


20.     Admit that you admitted to Margarita Escamilla at the scene that the wreck was your fault.
**ADMIT OR DENY:**


21.     Admit that you admitted to Margarita Escamilla at the scene that you were in a hurry.
**ADMIT OR DENY:**


22.     Admit that all vehicles must comply with the DOT "Rules of the Road."
**ADMIT OR DENY:**


23.     Admit that you gave a recorded statement(s) about the wreck.
**ADMIT OR DENY:**


24.     Admit that you gave a recorded statement about the wreck to your employer.
**ADMIT OR DENY:**


25.     Admit that you gave a recorded statement about the wreck to your employer's insurance company.
**ADMIT OR DENY:**

26.     Admit that you prepared a written statement about the wreck.
**ADMIT OR DENY:**


27.     Admit that you prepared a written statement and/or a report about the wreck and gave it
        to your employer.
**ADMIT OR DENY:**


28.     Admit that you prepared a written statement and/or a report about the wreck and gave it
        to your employer's insurance company.
**ADMIT OR DENY:**


29.     Admit that you took pictures at the scene immediately after the wreck.
**ADMIT OR DENY:**


30.     Admit that you have a criminal history.
**ADMIT OR DENY:**


31.     Admit that you have been arrested prior to this wreck.
**ADMIT OR DENY:**


32.     Admit that your responses herein are truthful.
**ADMIT OR DENY:**


## XVIII.
## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT JOSE VIDAL ROMERO REYES


**42.**     Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny

the truth of statements or opinions of fact or of the application of law to fact, including the

genuineness of any documents served with these requests or otherwise furnished or made

available for inspection and copying.   This request extends to all matters set forth in the

accompanying attachments.

---

*ESCAMILLA VS. ROMERO*                                                    *PAGE 55 OF 64*
*Plaintiff's Original Petition with Request for Disclosure*

**43.**    Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

33.    Admit that you were operating the 2006 White Peterbilt, at the time of the wreck.
**ADMIT OR DENY:**

34.    Admit that you were the owner of the vehicle you were driving that was involved in the wreck.
**ADMIT OR DENY:**

35.    Admit that your negligence proximately caused the wreck.
**ADMIT OR DENY:**

36.    Admit that you are liable for the wreck and injuries which form the basis of this lawsuit.
**ADMIT OR DENY:**

37.    Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the wreck.
**ADMIT OR DENY:**

38.    Admit that the wreck was not an unavoidable accident.
**ADMIT OR DENY:**

39.    Admit that the wreck was not the result of a sudden and unexpected emergency.
**ADMIT OR DENY:**

40.    Admit that the wreck was not caused solely by an act of God
**ADMIT OR DENY:**

41.     Admit that Margarita Escamilla did not commit any act or omissions which constituted negligence which proximately caused the wreck.
**ADMIT OR DENY:**

42.     Admit that you had a cellular telephone/device in your possession at the time of the wreck.
**ADMIT OR DENY:**

43.     Admit that you were using a cellular telephone/device at the time of the wreck.
**ADMIT OR DENY:**

44.     Admit that you did not take any evasive action in an attempt to avoid the wreck.
**ADMIT OR DENY:**

45.     Admit that you did not apply your brakes in an attempt to avoid the wreck.
**ADMIT OR DENY:**

46.     Admit that you did not turn your vehicle in an attempt to avoid the wreck.
**ADMIT OR DENY:**

47.     Admit that you disregarded a stop sign before impact with Plaintiff's vehicle.
**ADMIT OR DENY:**

48.     Admit that you disregarded a stop sign before impact with Plaintiff's vehicle that was a proximate cause of the wreck.
**ADMIT OR DENY:**

49.     Admit that you failed to blow the vehicle's horn in an effort to avoid the wreck.
**ADMIT OR DENY:**

50.     Admit that your failure to blow the vehicle's horn in an effort to avoid the wreck was a proximate cause of the wreck.
**ADMIT OR DENY:**

---

*ESCAMILLA VS. ROMERO*                                                              *PAGE 57 OF 64*
*Plaintiff's Original Petition with Request for Disclosure*

51.     Admit that you admitted to **Police Officer John Aguillon** at the scene that the wreck was your fault.
**ADMIT OR DENY:**

52.     Admit that you admitted to Margarita Escamilla at the scene that the wreck was your fault.
**ADMIT OR DENY:**

53.     Admit that you admitted to Margarita Escamilla at the scene that you were in a hurry.
**ADMIT OR DENY:**

54.     Admit that all vehicles must comply with the DOT "Rules of the Road."
**ADMIT OR DENY:**

55.     Admit that you gave a recorded statement(s) about the wreck.
**ADMIT OR DENY:**

56.     Admit that you gave a recorded statement about the wreck to your employer.
**ADMIT OR DENY:**

57.     Admit that you gave a recorded statement about the wreck to your employer's insurance company.
**ADMIT OR DENY:**

58.     Admit that you prepared a written statement about the wreck.
**ADMIT OR DENY:**

59.     Admit that you prepared a written statement and/or a report about the wreck and gave it to your employer.
**ADMIT OR DENY:**

60.     Admit that you prepared a written statement and/or a report about the wreck and gave it to your employer's insurance company.
**ADMIT OR DENY:**

61.    Admit that you took pictures at the scene immediately after the wreck.
**ADMIT OR DENY:**

62.    Admit that you have a criminal history.
**ADMIT OR DENY:**

63.    Admit that you have been arrested prior to this wreck.
**ADMIT OR DENY:**

64.    Admit that your responses herein are truthful.
**ADMIT OR DENY:**



## XIX.
## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT JVR TRANSPORT

**42.**    Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with these requests or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

**43.**    Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

65.    Admit that you were operating the 2006 White Peterbilt, at the time of the wreck.
**ADMIT OR DENY:**

66.    Admit that you were the owner of the vehicle you were driving that was involved in the wreck.
**ADMIT OR DENY:**


67.    Admit that your negligence proximately caused the wreck.
**ADMIT OR DENY:**


68.    Admit that you are liable for the wreck and injuries which form the basis of this lawsuit.
**ADMIT OR DENY:**


69.    Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the wreck.
**ADMIT OR DENY:**


70.    Admit that the wreck was not an unavoidable accident.
**ADMIT OR DENY:**


71.    Admit that the wreck was not the result of a sudden and unexpected emergency.
**ADMIT OR DENY:**


72.    Admit that the wreck was not caused solely by an act of God
**ADMIT OR DENY:**


73.    Admit that Margarita Escamilla did not commit any act or omissions which constituted negligence which proximately caused the wreck.
**ADMIT OR DENY:**


74.    Admit that you had a cellular telephone/device in your possession at the time of the wreck.
**ADMIT OR DENY:**


75.    Admit that you were using a cellular telephone/device at the time of the wreck.
**ADMIT OR DENY:**

76.     Admit that you did not take any evasive action in an attempt to avoid the wreck.
**ADMIT OR DENY:**


77.     Admit that you did not apply your brakes in an attempt to avoid the wreck.
**ADMIT OR DENY:**


78.     Admit that you did not turn your vehicle in an attempt to avoid the wreck.
**ADMIT OR DENY:**


79.     Admit that you disregarded a stop sign before impact with Plaintiff's vehicle.
**ADMIT OR DENY:**


80.     Admit that you disregarded a stop sign before impact with Plaintiff's vehicle that was a proximate cause of the wreck.
**ADMIT OR DENY:**


81.     Admit that you failed to blow the vehicle's horn in an effort to avoid the wreck.
**ADMIT OR DENY:**


82.     Admit that your failure to blow the vehicle's horn in an effort to avoid the wreck was a proximate cause of the wreck.
**ADMIT OR DENY:**


83.     Admit that you admitted to **Police Officer John Aguillon** at the scene that the wreck was your fault.
**ADMIT OR DENY:**


84.     Admit that you admitted to Margarita Escamilla at the scene that the wreck was your fault.
**ADMIT OR DENY:**


85.     Admit that you admitted to Margarita Escamilla at the scene that you were in a hurry.
**ADMIT OR DENY:**

---

86.     Admit that all vehicles must comply with the DOT "Rules of the Road."
**ADMIT OR DENY:**


87.     Admit that you gave a recorded statement(s) about the wreck.
**ADMIT OR DENY:**


88.     Admit that you gave a recorded statement about the wreck to your employer.
**ADMIT OR DENY:**

89.     Admit that you gave a recorded statement about the wreck to your employer's insurance
         company.
**ADMIT OR DENY:**


90.     Admit that you prepared a written statement about the wreck.
**ADMIT OR DENY:**


91.     Admit that you prepared a written statement and/or a report about the wreck and gave it
         to your employer.
**ADMIT OR DENY:**


92.     Admit that you prepared a written statement and/or a report about the wreck and gave it
         to your employer's insurance company.
**ADMIT OR DENY:**


93.     Admit that you took pictures at the scene immediately after the wreck.
**ADMIT OR DENY:**


94.     Admit that you have a criminal history.
**ADMIT OR DENY:**


95.     Admit that you have been arrested prior to this wreck.
**ADMIT OR DENY:**

---

96.   Admit that your responses herein are truthful.

**ADMIT OR DENY:**

## XX.
## NOTICE OF SELF-AUTHENTICATION

**40.**   Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.    Pain and suffering in the past;
2.    Pain and suffering in the future;
3.    Mental anguish in the past;
4.    Mental anguish in the future;
5.    Past medical expenses;
6.    Future medical expenses;
7.    Physical impairment in the past;
8.    Physical impairment in the future;
9.    Physical disfigurement in the past;
10.   Physical disfigurement in the future;
11.   Lost wages in the past;
12.   Loss of future wage earning capacity;
13.   Property damage;
14.   Loss of use;
15.   Pre-judgment interest;
16.   Post-judgment interest; and
17.   Exemplary damages;



Respectfully submitted,
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr St.
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601


By:   /s/ Andrew D. Poulis
          Thomas J. Henry
          State Bar No. 09484210
          Andrew D. Poulis
          State Bar No. 24083680
          *Email: apoulis-svc@thomasjhenrylaw.com
          **service by this email only**

### *ATTORNEYS FOR PLAINTIFF*

14-03973

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED MARGARITA ESCAMILLA VS. DAVID REYES ROMERO, JOSE VIDAL ROMBERO REYES AND JVR TRANSPORT
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>ANDREW D. POULIS | **Email:**<br>apoulis@thomasjhenrylaw.com | **Plaintiff(s)/Petitioner(s):**<br><br>MARGARITA ESCAMILLA | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| **Address:**<br><br>521 STARR STREET | **Telephone:**<br><br>210.585.2155 | | *Additional Parties in Child Support Case:*<br><br>Custodial Parent: |
| **City/State/Zip:**<br><br>CORPUS CHRISTI, TEXAS 78401 | **Fax:**<br><br>361.885.0601 | **Defendant(s)/Respondent(s):**<br><br>DAVID REYES ROMERO AND | Non-Custodial Parent: |
| **Signature:**<br><br>Andrew D. Poulis | **State Bar No:**<br><br>24048431 | JOSE VIDAL ROMERO REYES AND<br><br>JVR TRANSPORT | Presumed Father: |
| | | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions**<br>**(non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br> Liability:<br><br>☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br> List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br> Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br> Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br> Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br> of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br> Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br> Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br> Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000

Rev 2/13

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK. DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*September 08, 2016*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

DANIELLE VALDEZ, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

PRIVATE PROCESS

Case Number: 2016-CI-12573

2016CI12573    S00001

**MARGARITA ESCAMILLA**
**VS.**
**DAVID R ROMERO ET AL**
(Note:Attached Document May Contain Additional Litigants.)



IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: DAVID REYES ROMERO
                    BY SERVING THE TEXAS SECRETARY OF STATE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 28th
day of July, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2016.

PETITION



ANDREW D POULIS
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRIST, TX 78401-2344

**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Laura Ann Rodriguez,* Deputy

C
R
T

---

**OFFICER'S RETURN**

I received this citation on _____ at _____o'clock ___M. and:( ) **executed**
it by delivering a copy of the citation with the date of delivery endorsed on it to the
defendant,_____ in person on the _____ at
_____o'clock ___M. at:_____ or ( ) **not executed**
because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By :_____

OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my
address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in
_____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

---

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED                    **Exhibit A-3**

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*September 08, 2016*

DONNA KAY McKINNEY
BEXAR COUNTY, TEXAS

By: _____
DANIELLE VALDEZ, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

PRIVATE PROCESS

Case Number: 2016-CI-12573

2016CI12573  S00082

**MARGARITA ESCAMILLA**
**VS.**
**DAVID R ROMERO ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



**CITATION**

"THE STATE OF TEXAS"

Directed To: JOSE VIDAL ROMERO REYES
            BY SERVING THE TEXAS SECRETARY OF STATE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 28th day of July, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2016.

PETITION

ANDREW D POULIS
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRIST, TX 78401-2344

*Shawn Wells*
8-5-16

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Laura Ann Rodriguez,* Deputy

CRT

---

**OFFICER'S RETURN**

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____

OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

DOCUMENT SCANNED AS FILED                          **Exhibit A-4**

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY MᶜKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*September 08, 2016*

**DONNA KAY MᶜKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

DANIELLE VALDEZ, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

PRIVATE PROCESS

Case Number: 2016-CI-12573

2016CI12573   S00003

MARGARITA ESCAMILLA
VS.
DAVID R ROMERO ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

CITATION

"THE STATE OF TEXAS"

Directed To: JVR TRANSPORTATION LLC
              BY SERVING THE TEXAS SECRETARY OF STATE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 28th day of July, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2016.

PETITION

*Shawn Wells*
8-6-16

ANDREW D POULIS
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRIST, TX 78401-2344

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Laura Ann Rodriguez,* Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or (  ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____
OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

Case Number: 2016CI12573          Document Type: CITATION          Page 1 of 2

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED          **Exhibit A-5**

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*September 08, 2016*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

DANIELLE VALDEZ, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

Case Number: 2016CI12573          Document Type: CITATION          Page 2 of 2

CAUSE NO. 2016CI12573

| | | |
|---|---|---|
| MARGARITA ESCAMILLA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | |
| | § | 285TH JUDICIAL DISTRICT |
| DAVID REYES ROMERO, JOSE VIDAL | § | |
| ROMERO REYES and JVR TRANSPORT, | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

Defendants David Reyes Romero, Jose Vidal Romero Reyes, and JVR Transport, LLC (erroneously identified as "JVR Transport" and "JVR Transportation, LLC") (hereinafter collectively referred to as "Defendants") file this Original Answer to Plaintiff's Original Petition.

### I.
### GENERAL DENIAL

Subject to such stipulations and admissions as may hereinafter be made, Defendants assert a general denial as authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and respectfully request that Plaintiff be required to prove the charges and allegations made against them by a preponderance of the evidence as required by the Constitution and laws of The State of Texas.

### II.
### PRAYER

Wherefore, premises considered, Defendants David Reyes Romero, Jose Vidal Romero Reyes, and JVR Transport, LLC pray that Plaintiff recovers nothing from Defendants, that the Court enter judgment that Defendants recover all costs of court, and for all other relief to which Defendants may be entitled.

**Exhibit A-6**

Respectfully submitted,

SHELTON & VALADEZ, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205
(210) 349-0515 Telephone
(210) 349-3666 Facsimile

By: _____
Robert A. Valadez, Attorney-in-Charge
State Bar No. 20421845
rvaladez@shelton-valadez.com
David L. Jones
State Bar No. 24002370
djones@shelton-valadez.com

COUNSEL FOR DEFENDANTS
DAVID REYES ROMERO, JOSE VIDAL
ROMERO REYES AND JVR TRANSPORT, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing is being electronically filed and served in accordance with the TEXAS RULES OF CIVIL PROCEDURE on the 8th day of September, 2016, to counsel of record as follows:

Thomas J. Henry
Andrew D. Poulis
The Law Office of Thomas J. Henry
521 Starr St.
Corpus Christi, Texas 78401
apoulis-svc@thomasjhenrylaw.com

_____
Robert A. Valadez/David L. Jones

#420468

Case Number: 2016CI12573          Document Type: DEFENDANT ORIGINAL ANSWER          Page 2 of 3

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY MᶜKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*September 09, 2016*

**DONNA KAY MᶜKINNEY
BEXAR COUNTY, TEXAS**

By: _____

CELIA RAMIREZ, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*